IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:11-CR-85-BO-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| RAEFORD EDWARD NUNN, | ) | |
| | ) | |
| Defendant. | ) | |

This case comes before the court on the motion (D.E. 29) by the government to seal a document it filed (D.E. 25) relating to the medical status of defendant as it relates to his ability to appear in court on 13 June 2012[1] before the undersigned for his initial appearance on the indictment filed against him. In light of the medical nature of the document filed, the motion to seal is GRANTED, and the Clerk is DIRECTED to permanently seal the document (D.E. 25).

Upon review of the document, the court concludes that it fails to demonstrate that defendant's current medical condition would permit him to appear in court without risk to the health of others. On 12 May 2011, the court directed that "a written medical note" be filed before the court would proceed with defendant's case.[2] (*See* Minute Entry at D.E. 10). The document filed by the government is a letter from the Chief Executive Officer of the North Carolina Division of Prisons which merely quotes what appears to be an oral statement made by defendant's attending physician. Not only is this document not from a physician, it lacks sufficient detail to enable the court to determine that defendant's medical condition would permit

---

[1] On 31 May 2012, the court issued a Writ of Habeas Corpus ad Prosequendum (D.E. 30) for defendant's appearance on this date.

[2] The scheduling of defendant's initial appearance has since been continued on four additional occasions due to his health. (*See* 2d D.E. dated 25 April 2011; 3d D.E. dated 12 May 2011; D.E. dated 8 July 2011; 2d D.E. dated 14 Sept. 2011).

him to appear in court. The document does not satisfy the requirements of the court's 12 May 2011 directive.

The government is therefore DIRECTED to file no later than 8 June 2012, under seal without further order of the court, a statement signed by defendant's attending physician indicating, with supporting information, whether or not defendant can appear in court on 13 June 2012 without jeopardizing the health of others, including, but not limited to, the security personnel who would be in direct physical contact with him.

SO ORDERED, this the 1st day of June 2012.

James E. Gates
United States Magistrate Judge